BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
PATRICIA N. SYVERSON (CA SBN 203111)
MANFRED P. MUECKE (CA SBN 222893)
600 W. Broadway, Suite 900
San Diego, California 92101
psyverson@bffb.com
mmuecke@bffb.com
Telephone: (619) 798-4593

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
ELAINE A. RYAN (*Admitted Pro Hac Vice*)
2325 E. Camelback Rd. Suite 300
Phoenix, AZ 85016
eryan@bffb.com
Telephone: (602) 274-1100

BOODELL & DOMANSKIS, LLC
Stewart M. Weltman (*Admitted Pro Hac Vice*)
Max A. Stein (*Admitted Pro Hac Vice*)
One North Franklin, Suite 1200
Chicago, IL 60606
sweltman@boodlaw.com
mstein@boodlaw.com
Telephone: (312) 938-1670

(Additional counsel appear on signature page)

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATIANA KOROLSHTEYN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION and NBTY, INC.,<br><br>Defendants. | Case No.: 3:15-cv-0709-CAB-RBB<br><br>**THIRD AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. VIOLATION OF THE UNFAIR COMPETITION LAW, Business and Professions Code §17200 *et seq.*; and<br>2. VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT, Civil Code §1750 *et seq.*<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Tatiana Korolshteyn, by and through her attorneys, brings this action on behalf of herself and all other similarly situated consumers against Defendants Costco Wholesale Corporation and NBTY, Inc., and alleges as follows:

**NATURE OF ACTION**

1. Defendants manufacture, market, sell and distribute TruNature Ginkgo Biloba with Vinpocetine ("TruNature Ginkgo" or the "Product").[1] Through an extensive, widespread, comprehensive and uniform nationwide marketing campaign, Defendants falsely represent on the front of each and every TruNature Ginkgo label that the Product "supports alertness & memory" and on the side of each and every label that "Ginkgo Biloba can help with mental clarity and memory" and "It also helps maintain healthy blood flow to the brain to assist mental clarity and memory, especially occasional mild memory problems associated with aging" (collectively "the mental clarity, memory and alertness representations").

2. In truth, Defendants' TruNature Ginkgo does not provide the represented mental clarity, memory or alertness benefits. The clear weight of the credible scientific evidence and the consensus in the scientific community among experts in the field, based upon numerous well-controlled randomized clinical trials ("RCTs"), is that ginkgo biloba and vinpocetine supplementation does not provide any mental clarity, memory or mental alertness benefits. As a result, Defendants' mental clarity, memory and alertness representations are false, misleading, and reasonably likely to deceive the public.

3. Defendants have employed numerous methods to convey their uniform, false, misleading, deceptive and unlawful mental clarity, memory and mental alertness representations, including the front of the Product's packaging and labeling where it cannot be missed by consumers.

---

[1] Plaintiff reserves the right to add additional products upon the completion of discovery.

- 2 -
Third Amended Class Action Complaint

4. As a result of Defendants' deceptive mental clarity, memory and alertness representations, consumers – including Plaintiff and members of the proposed Class – have purchased TruNature Ginkgo that does not perform as advertised.

5. Plaintiff brings this action on behalf of herself and other similarly situated consumers who have purchased TruNature Ginkgo to obtain redress for those who have purchased the Product. Specifically, based on violations of California's Unfair Competition Law ("UCL") and Consumers Legal Remedies Act ("CLRA") (described below), Plaintiff seeks restitutionary and monetary relief for consumers who purchased Defendants' TruNature Ginkgo product.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members and members of the Class are citizens of a state different from Defendants.

7. This Court has personal jurisdiction over Defendants because Defendants are authorized to do and do business in California. Defendants have marketed, promoted, distributed and sold TruNature Ginkgo in California and Defendants have sufficient minimum contacts with this State and/or sufficiently avail themselves of the markets in this State through their promotion, sales, distribution and marketing within this State to render the exercise of jurisdiction by this Court permissible.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a) and (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred while she resided in this judicial district. Venue is also proper under 18 U.S.C. §1965(a) because Defendants transact substantial business in this

District.

## PARTIES

9. Plaintiff Korolshteyn resided in Redwood City, California and was a resident of California at all times relevant to this action. On October 29, 2014, Plaintiff was exposed to and saw Defendants' mental clarity, memory and alertness representations by reading the front, back and sides of the TruNature Ginkgo label at a Costco in Redwood City, California. Based on the mental clarity, memory and alertness representations on the label, Plaintiff purchased TruNature Ginkgo and paid approximately $14.69 for the bottle. As a result, Plaintiff suffered injury in fact and lost money. Had Plaintiff known the truth about Defendants' misrepresentations, she would not have purchased TruNature Ginkgo.

10. Defendant Costco Wholesale Corporation ("Costco") is a public corporation incorporated under the laws of the state of Washington. Defendant Costco's corporate headquarters is located at 999 Lake Drive, Issaquah, WA 98027. Costco promotes, markets, distributes and sells TruNature Ginkgo to tens of thousands of consumers nationwide, including in California.

11. Defendant NBTY, Inc. ("NBTY") is a corporation organized and existing under the laws of the state of Delaware. Defendant NBTY's headquarters is at 2100 Smithtown Ave., Ronkonkoma, New York 11779. NBTY promotes, markets, distributes and sells TruNature Ginkgo to tens of thousands of consumers nationwide, including in California.

## FACTUAL ALLEGATIONS

*TruNature Ginkgo*

12. Defendants manufacture, distribute, market and sell TruNature Ginkgo online and in every Costco store nationwide. A 300 count bottle of TruNature Ginkgo retails for approximately $14.00-$16.00. A single dose of

TruNature Ginkgo contains 120 mg of ginkgo biloba extract and 5 mg of vinpocetine.

13. Throughout the relevant time period, Defendants have consistently conveyed the message to consumers that the TruNature Ginkgo "supports alertness & memory;" that "Ginkgo Biloba can help with mental clarity and memory"; and "It also helps maintain healthy blood flow to the brain to assist mental clarity and memory, especially occasional mild memory problems associated with aging". It does not. Defendants' mental clarity, memory and alertness representations are false, misleading and deceptive.

14. Each and every consumer who purchases TruNature Ginkgo is exposed to these deceptive mental clarity, memory and alertness representations, which prominently appear on the front and side of each bottle.

**FRONT**



**SIDE**



*Scientific Studies Confirm that TruNature Ginkgo is Not Effective*

15. Despite Defendants' advertising claims that the Product provides

mental clarity, memory and alertness benefits, neither ginkgo biloba nor vinpocetine provide these benefits. The Product provides no benefit to consumers.

16. The scientific evidence, from RCTs, demonstrates that ginkgo biloba supplementation does not contribute to improved mental clarity, memory or alertness for anyone – no matter their age, gender or other personal characteristics – as the Product's packaging and labeling proclaims. To the contrary, the weight of scientific evidence demonstrates that ginkgo biloba supplements do not provide any mental clarity, memory or alertness benefits.

17. To evaluate the overall weight of scientific evidence regarding a particular substance, experts in the field also perform systematic reviews of RCTs. They also perform what are called meta-analyses, where they combine the results of numerous RCTs to statistically evaluate the overall weight of the scientific evidence regarding a particular substance. In this regard, two systematic reviews published in 2002 and 2007, and one meta-analyses published in 2012, each concluded that ginkgo biloba supplements have no positive effect on cognitive function in healthy individuals.

18. For example, in a 2002 review of placebo-controlled, double blind trials of the effect of ginkgo biloba on cognitive function in healthy subjects, Canter & Ernst concluded, "[t]he use of Ginkgo biloba as a 'smart' drug cannot be recommended on the basis of the evidence available to date, and there is a particular need for further long-term trials with healthy subjects." *See* Canter & Ernst, *Gingko biloba: a smart drug? A systematic review of controlled trials of the cognitive effects of gingko biloba extracts in healthy people*, 36 Hum. Psychopharmacology Clin. Exp. 108 (2002).

19. In a 2007 follow-up review of clinical studies regarding whether ginkgo biloba "boosts cognitive performance in healthy people with normal

- 7 -
Third Amended Class Action Complaint

cognitive function," Canter & Ernst concluded, ginkgo biloba "does not enhance cognitive function in the normal and healthy" and "[t]he collated evidence from 15 randomized clinical trials provides no convincing evidence that G. biloba extracts ingested either as a single dose or over a longer period has a positive effect on any aspect of cognitive performance in healthy people under the age of 60." The evidence of a lack of a cognitive or mental benefit from gingko biloba was so strong that the authors concluded, "We believe that there is little to be gained from further research designed to establish whether or not there is a nootropic effect of G. biloba in healthy subjects." *See* Canter & Ernst, *Gingko biloba is not a smart drug: an updated systematic review of randomized clinical trials testing nootropic effects of G. biloba extracts in healthy people*, 22 Hum. Psychopharmacology Clin. Exp. 265-275 (2007).

20. And, in their 2012 meta-analysis ("examining the published body of research relating to the specific cognitive enhancing properties of G. biloba in healthy individuals"), conducted "to examine whether Ginkgo biloba enhances cognitive function in healthy adults", Laws et al. concluded, "We report that G. biloba had no ascertainable positive effects on a range of targeted cognitive functions in healthy individuals." As the authors noted, "The key findings from this meta-analysis are that G. biloba has no significant impact on memory, executive function or attention with all effect sizes non-significant and effectively at zero" and that "Our lack of support for the nootropic qualities of G. biloba accords with the conclusions of previous systematic qualitative reviews (Canter & Ernst 2007)…" And finally, "To conclude, we found no evidence that G. biloba improves memory, executive or attentional functioning in healthy individuals." Laws et al., *Is Gingko biloba a cognitive enhancer in healthy individuals? A meta-analysis*, 27 Hum. Psychopharmacology Clin. Exp. 527-533 (2012).

21. With respect to healthy people over the age of 60, after conducting a controlled clinical trial involving 230 subjects older than 60 years to evaluate whether gingko biloba "improves memory in elderly adults," Solomon et al. concluded that the data from their study "suggest that when taken following manufacturer's instructions, ginkgo provides no measurable benefit in memory or related cognitive function to adults with healthy cognitive function." Solomon, et al., *Gingko for Memory Enhancement – A Randomized Controlled Trial*, 288(7) JAMA 835-40 (2002). "In summary, this does not support the manufacturer's claims of benefits of ginkgo on learning and memory." *Id.*

22. In 2002, The Cleveland Clinic Center likewise concluded that "the claims that Ginkgo biloba has beneficial effects on learning and memory are not supported by the literature."

23. Plaintiff, through her counsel and her counsel's consulting experts, has conducted a comprehensive search of the published literature on vinpocetine. No published reports of RCTs for vinpocetine, in the amounts contained in TruNature Ginkgo, were found supportive of the mental clarity, memory or alertness representations. And, a 2002 Cochrane Review concluded that the evidence does not support the clinical use of vinpocetine for cognitive health benefits. *See* Szatmari SZ, Whitehouse PJ: *Vinpocetine for cognitive impairment and dementia*, Cochrane Database Syst Rev 2003, 1:CD003119.

### *The Impact of Defendants' Wrongful Conduct*

24. Defendants continue to unequivocally, falsely, deceptively, and misleadingly convey through their advertising and labeling one uniform message: TruNature Ginkgo provides mental clarity, memory and alertness benefits.

25. Plaintiff and Class members have been and will continue to be deceived or misled by Defendants' deceptive mental clarity, memory and alertness

representations. Plaintiff purchased TruNature Ginkgo during the Class period and in doing so, read and considered the Product's label and based her decision to purchase the Product on the mental clarity, memory and alertness representations on the Product packaging. Defendants' mental clarity, memory and alertness representations were a material factor in influencing Plaintiff's decision to purchase and consume the Product. Plaintiff would not have purchased the Product had she known that Defendants' mental clarity, memory and alertness representations were false and misleading and in contradiction of the weight of the scientific evidence, which has found that ginkgo and vinpocetine supplementation do not provide mental clarity, memory and alertness benefits.

26. As a result, Plaintiff and the Class members have been damaged in their purchases of the TruNature Ginkgo.

## CLASS ALLEGATIONS

27. Plaintiff brings this action on behalf of herself and all other similarly situated consumers pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class:

> All consumers who, within the applicable statute of limitations period, purchased TruNature Ginkgo in California.
>
> Excluded from this Class are Defendants and their officers, directors and employees and those who purchased TruNature Ginkgo for the purpose of resale.

28. Members of the Class are so numerous and geographically dispersed that joinder of all Class members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed Class contains many thousands of members. The precise number of Class members is unknown to Plaintiff, but ascertainable.

29. Common questions of law and fact exist as to all members of the Class

and predominate over questions affecting only individual Class members. The common legal and factual questions include, but are not limited to, the following:

- whether the claims discussed above are true, or are misleading, or objectively reasonably likely to deceive;
- whether Defendants engaged in false, deceptive, or misleading conduct;
- whether Defendants' alleged conduct violates public policy;
- whether the alleged conduct constitutes violations of the laws asserted; and
- whether Plaintiff and Class members are entitled to appropriate remedies, including corrective advertising.

30. Plaintiff's claims are typical of the claims of the members of the Class because, *inter alia*, all Class members were injured through the uniform misconduct described above. Plaintiff is advancing the same claims and legal theories on behalf of herself and all members of the Class.

31. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel competent and experienced in both consumer protection and class litigation.

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. It would thus be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the

class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

33. Plaintiff seeks preliminary and permanent equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to require Defendants to provide full restitution to Plaintiff and Class members.

34. Unless a Class is certified, Defendants will retain monies received as a result of their conduct that were taken from Plaintiff and Class members.

## COUNT I
### Violation of Business & Professions Code §17200, *et seq.*
### Fraudulent Business Acts and Practices

35. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

36. Plaintiff brings this claim individually and on behalf of the Class.

37. As alleged herein, Plaintiff Korolshteyn has suffered injury in fact and lost money or property as a result of Defendants' conduct because she purchased TruNature Ginkgo in reliance on Defendants' claim that the Product would provide mental clarity, memory and alertness benefits, but did not receive a Product that provides these benefits.

38. The Unfair Competition Law, Business & Professions Code §17200, et seq. ("UCL"), and similar laws in the other Class states, prohibits any "fraudulent" business act or practice and any false or misleading advertising.

39. In the course of conducting business, Defendants committed "fraudulent business act[s] or practices" by, *inter alia*, making the mental clarity, memory and alertness representations (which also constitutes advertising within the meaning of §17200) regarding the Product in their advertising campaign, including the Product's packaging, as set forth more fully herein.

40. Defendants' actions, claims and misleading statements, as more fully set forth above, are false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code §17200, et seq.

41. Plaintiff and other members of the Class have in fact been deceived as a result of their reliance on Defendants' material mental clarity, memory and alertness representations. Plaintiff and the other Class members have suffered injury in fact and lost money as a result of their purchase(s) of Defendants' Product which does not provide mental clarity, memory and alertness benefits.

42. Plaintiff, on behalf of herself, all others similarly situated, and the general public, seeks restitution of all money obtained from Plaintiff and the members of the Class collected as a result of unfair competition and all other relief this Court deems appropriate, consistent with Business & Professions Code §17203.

**COUNT II**
**Violations of the Consumers Legal Remedies Act**
**– Civil Code §1750 *et seq.***

43. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

44. Plaintiff brings this claim individually and on behalf of Class.

45. This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §1750, *et seq.* (the "Act").

46. Plaintiff is a consumer as defined by California Civil Code §1761(d). Defendants' TruNature Ginkgo is a "good" within the meaning of the Act.

47. Defendants violated and continue to violate the Act by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of TruNature Ginkgo:

(5) Representing that [TruNature Ginkgo has] . . . approval, characteristics, . . . uses [and] benefits . . . which [it does] not have . . . .

\* \* \*

(7) Representing that [TruNature Ginkgo is] of a particular standard, quality or grade . . . if [it is] of another.

\* \* \*

(9) Advertising goods . . . with intent not to sell them as advertised.

\* \* \*

(16) Representing that [TruNature Ginkgo has] been supplied in accordance with a previous representation when [it has] not.

48. Defendants violated the Act by making the false, misleading and deceptive representations on each and every Product package.

49. As alleged herein, Plaintiff has suffered injury in fact and lost money or property as a result of Defendants' conduct because she purchased TruNature Ginkgo in reliance on Defendants' false representations.

50. Plaintiff and other members of the Class have in fact been deceived as a result of their reliance on Defendants' material false representations described above. This reliance has caused harm to Plaintiff and other members of the Class who each purchased TruNature Ginkgo. Plaintiff and the other Class members have suffered injury in fact and lost money as a result of these deceptive and fraudulent practices.

51. Pursuant to California Civil Code §1782(d), Plaintiff and the Class seek a Court order for restitution and disgorgement.

52. Pursuant to §1782 of the Act, on December 15, 2014 and September 30, 2016, respectively, Plaintiff notified Defendants Costco and NBTY in writing by certified mail of the particular violations of §1770 of the Act and demanded that

Defendants rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendants' intent to so act.

53. Defendants failed to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to §1782 of the Act. Thus, Plaintiff further seeks actual, punitive and statutory damages, as appropriate.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment:

A. Certifying the Class as requested herein;

B. Awarding restitution and disgorgement of Defendants' revenues to Plaintiff and the proposed Class members;

C. Awarding actual, statutory and punitive damages, as appropriate;

D. Awarding attorneys' fees and costs; and

E. Providing such further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of her claims by jury to the extent authorized by law.

Dated: October 31, 2016     BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.

                                        */s/ Patricia N. Syverson*
                                        Patricia N. Syverson (203111)
                                        Manfred P. Muecke (222893)
                                        600 W. Broadway, Suite 900
                                        San Diego, California 92101
                                        psyverson@bffb.com
                                        mmuecke@bffb.com
                                        Telephone: (619) 798-4593

                                        BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
                                        Elaine A. Ryan (*Admitted Pro Hac Vice*)
                                        2325 E. Camelback Rd., Suite 300
                                        Phoenix, AZ 85016

eryan@bffb.com
Telephone: (602) 274-1100

BOODELL & DOMANSKIS, LLC
Stewart M. Weltman (*Admitted Pro Hac Vice*)
Max A. Stein (*Admitted Pro Hac Vice*)
One North Franklin, Suite 1200
Chicago, IL 60606
sweltman@boodlaw.com
mstein@boodlaw.com
Telephone: (312) 938-1670

SIPRUT PC
Joseph Siprut (*To be Admitted Pro Hac Vice*)
17 North State Street
Suite 1600
Chicago, IL 60602
Jsiprut@siprut.com
Telephone: 312.236.0000

Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

I certify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 31, 2016 in San Diego, California.

*/s/ Patricia N. Syverson*
Patricia N. Syverson (203111)
600 W. Broadway, Suite 900
San Diego, California 92101
psyverson@bffb.com
Telephone: (619) 798-4593

- 17 -
Third Amended Class Action Complaint